| THE AVANZADO LAW FIRM |
|---|

MELVIN N.A. AVANZADO (Bar No. 137127)
  <mel@avanzadolaw.com>
ELAINE W. YU (Bar No. 280008)
  <elaine@avanzadolaw.com>
1880 Century Park East
Suite 1404
Los Angeles, California 90067
310.552.9300 TELEPHONE
310.388.5330 FACSIMILE

Attorneys for Plaintiffs
James Stewart Entertainment, LLC
and James Stewart, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES STEWART ENTERTAINMENT, LLC, a Florida limited liability company, and JAMES STEWART, JR., an individual,<br><br>               Plaintiffs,<br><br>      v.<br><br>L&M RACING, LLC, a California limited liability corporation, and MIKE KRANYAK, an individual,<br><br>               Defendants. | CASE NO. EDCV 12-0049 JGB(SPx)<br><br>PLAINTIFFS' NOTICE OF MOTION AND JOINT STIPULATION RE PLAINTIFFS' MOTION FOR EVIDENCE PRECLUSION AND MONETARY SANCTIONS FOR VIOLATIONS OF RULES 26 AND 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[Fed. R. Civ. P. 26 & 37]<br><br>DATE:     June 18, 2013<br>TIME:     10:00 a.m.<br>PLACE:    Courtroom 3 or 4 – 3rd Floor<br>          (The Honorable Sheri Pym<br>          United States Magistrate Judge)<br><br>*[Declaration of Melvin N.A. Avanzado; and [Proposed[ Order filed concurrently herewith]* |
| L&M RACING, LLC, and MIKE KRANYAK,<br><br>               Counterclaimants,<br>      v.<br><br>JAMES STEWART ENTERTAINMENT, LLC, a Florida limited liability company, and JAMES STEWART, JR.,<br><br>               Counterdefendants. | Action Filed:  January 10, 2012<br>Trial Date:    June 25, 2013 |

PRINTED ON RECYCLED PAPER

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR EVIDENCE PRECLUSION & MONETARY SANCTIONS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, in this matter on June 18, 2013 at 10:00 a.m. or as soon thereafter as the parties may be heard, in Courtroom 3 or 4 of the above-entitled court, courtroom of the Honorable Sheri Pym, located at 3470 Twelfth Street Riverside, California 92501-3801, Plaintiffs and Counter-Defendants James Stewart Entertainment, LLC ("JSE") and James Stewart, Jr. ("Stewart") (collectively, "Plaintiffs") will and hereby do move for evidence preclusion and monetary sanctions against Defendants L&M Racing, LLC ("L&M"), and on all counterclaims of L&M and Defendant and Counterclaimant Mike Kranyak ("Kranyak") (collectively, "Defendants").

Specifically, pursuant to this motion, Plaintiffs seek the following relief under Rules 26 and 37:

(a) An order striking and precluding Defendants from introducing, mentioning or otherwise using any testimony from Stewart's April 15, 2013 deposition, including but not limited to that portion of Stewart's deposition in which Defendants questioned Stewart about documents that Defendants did not previously produce or disclose to Plaintiffs;

(b) An order striking and precluding Defendants from introducing, mentioning or otherwise using any testimony from Sergio Avanto's April 16, 2013 deposition for any purpose, including but not limited to that portion of Avanto's deposition in which Defendants questioned Avanto about documents that Defendants did not previously produce or disclose to Plaintiffs;

(c) An order precluding Defendants from introducing, mentioning or otherwise using the documents marked as Exhibits 1017, 1022, 1032, 1045, 1046 and 1051 which were first identified at Stewart's April 15, 2013 deposition and some of which were later used as exhibits in Avanto's April 16, 2013 deposition, as well as

Exhibits 1022 and 1051 which were first identified in Avanto's April 16, 2013 deposition – all of which Defendants did not previously produce or disclose to Plaintiffs;

(d) An order precluding Defendants from introducing, mentioning or otherwise using documents untimely produced by Defendants to Plaintiffs on or about May 8, 2013, bates stamped L&M 002017 through L&M 002024 pursuant to their belated search of L&M's principal place of business in violation of their obligations under Rule 26;

(e) An order precluding Defendants from introducing, mentioning or otherwise using documents which Defendants have not previously disclosed or produced to Plaintiffs in a timely manner such that Plaintiffs had the opportunity to conduct follow up discovery before the discovery cutoff;

(f) An order requiring Defendants to pay reasonable expenses, including attorneys' fees, resulting from their failure to comply with their obligations under Rule 26 specifically in the following amounts: (i) $4,000.00 for the time to review documents previously produced and belatedly produced by Defendants to determine and confirm that the exhibits Defendants used in Mr. Stewart's deposition – Exhibit Nos. 1017, 1022, 1032, 1045, 1046, and 1051 – were not previously produced or identified in Defendants' initial disclosures and the documents Defendants produced on May 8, 2013 were not previously produced or disclosed, including time to and draft and send correspondence to Defendants regarding these documents; (ii) $15,520.00 for the time expended to prepare this motion to address Defendants' discovery and disclosure violations; and (iii) $11,600.00 for the amount Plaintiffs expect to expend to coordinate the finalization and filing of this joint stipulation, to prepare the supplemental brief in support of this motion and to prepare for and argue at the hearing on this motion.

Plaintiffs' motion is made on the following grounds.  Two days before the discovery cutoff in this case, on April 17, 2013 at the second session of his deposition, Kranyak admitted that Defendants failed to search for documents or electronically stored information at L&M's principal place of business in Murrieta, California. Kranyak's admissions came on the heels of Defendants' failure to produce documents identified in their initial disclosures and in response to Plaintiffs' two document requests until the eve of Kranyak's first deposition session. Defendants apparently conducted a belated search of the L&M Murrieta facility and produced almost two thousand pages of documents weeks after the discovery cutoff passed. Moreover, Defendants played a game of "gotcha" during the deposition of Plaintiff James Stewart, surprising Stewart with six exhibits which Defendants did not previously disclose or produce to Plaintiffs' counsel.  Plaintiffs now seek redress for Defendants' discovery and disclosure violations through an order excluding evidence and compensating Plaintiffs for the resources wasted as a result of Defendants' violations.

This motion is based on the attached points and authorities, the declaration (with exhibits) of Melvin N.A. Avanzado filed concurrently herewith, the proposed order filed concurrently herewith and such oral or documentary evidence and arguments as may be presented at or before the hearing on this motion.

DATED:  May 28, 2013

THE AVANZADO LAW FIRM
MELVIN N.A. AVANZADO
ELAINE W. YU


By:  /s/ *Melvin N.A. Avanzado*
        Melvin N.A. Avanzado
Attorneys for Plaintiffs
James Stewart Entertainment, LLC
and James Stewart, Jr.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRINTED ON
RECYCLED PAPER

5
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR EVIDENCE PRECLUSION & MONETARY SANCTIONS