**THE AVANZADO LAW FIRM**

MELVIN N.A. AVANZADO (Bar No. 137127)
    <mel@avanzadolaw.com>
ELAINE W. YU (Bar No. 280008)
    <elaine@avanzadolaw.com>
1880 Century Park East, Suite 1404
Los Angeles, California 90067
310.552.9300 TELEPHONE
310.388.5330 FACSIMILE

Attorneys for Plaintiffs
James Stewart Entertainment, LLC
and James Stewart, Jr.

William L. Alexander (State Bar Number 126607)
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
Phone: (661) 316-7888
Fax: (661) 316-7890

Attorneys for Defendants
L&M Racing, LLC, and Mike Kranyak

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES STEWART ENTERTAINMENT, LLC, a Florida limited liability company, and JAMES STEWART, JR., an individual,<br><br>              Plaintiffs,<br><br>   v.<br><br>L&M RACING, LLC, a California limited liability corporation, and MIKE KRANYAK, an individual,<br><br>             Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. EDCV 12-0049 JGB(SPx)<br><br>**DISCOVERY MATTER**<br><br>JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR EVIDENCE PRECLUSION AND MONETARY SANCTIONS FOR VIOLATIONS OF RULE 26 AND 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[Fed. R. Civ. P. 26 & 37]<br><br>DATE:      June 18, 2013<br>TIME:      10:00 a.m.<br>PLACE:   Courtroom 3 or 4 – 3rd Floor<br>          (The Honorable Sheri Pym<br>          United States Magistrate Judge)<br><br>Action Filed:  January 10, 2012<br>Trial Date:    June 25, 2013 |

# **TABLE OF CONTENTS**

I.  PLAINTIFFS' INTRODUCTION .................................................................... 1

    A.  INTRODUCTION AND SUMMARY ...................................................... 1

    B.  FACTUAL BACKGROUND ...................................................................... 3

II.  DEFENDANTS' INTRODUCTION .............................................................. 6

    A.  The emails .............................................................................................. 7

III.  PLAINTIFFS' LEGAL ARGUMENT – THIS COURT SHOULD ISSUE
AN ORDER WHICH REDRESSES DEFENDANTS' FAILURE TO
COMPLY WITH THEIR DISCOVERY AND DISCLOSURE
OBLIGATIONS ............................................................................................. 12

    A.  Legal Standards Applicable To Defendants' Conduct In Violation
of Their Discovery and Disclosure Obligations ...................................... 12

    B.  Defendants' Conduct Was Not Substantially Justified and Not
Harmless ................................................................................................ 15

IV.  DEFENDANTS' LEGAL ARGUMENTS ...................................................... 17

    A.  DEFENDANTS' FAILURE TO PRODUCE THE 4 EMAILS
WAS HARMLESS AND SUBSTANTIALLY JUSTIFIED ................... 17

        1.  Plaintiffs Have Not Been Prejudiced by the Omission of the
4 Emails From Prior Production, and if They Have, Any
Such Prejudice Has Been Cured. .................................................. 18

        2.  There is No Likelihood of Disruption of Any New Trial
Date Set. ....................................................................................... 19

        3.  There is No Bad Faith or Willfulness on Defendants' Part. .......... 19

    B.  DEFENDANTS' FAILURE TO SEARCH THE MURRIETA
COMPUTERS WAS NOT IN BAD FAITH, WAS NOT
WILLFUL, HAS NOT RESULTED IN PREJUDICE TO
PLAINTIFFS, AND LESS DRASTIC SANCTIONS WOULD BE
APPROPRIATE. ........................................................................................ 20

        1.  There is No Bad Faith or Willfulness on the Part of
Defendants. .................................................................................. 21

PRINTED ON
RECYCLED PAPER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        2.    There is Very Little Prejudice, if Any, to Plaintiffs. ....................22

    C.    THERE IS NO CORRELATION WHATSOEVER BETWEEN ANY DISCOVERY VIOLATION AND THE DEPOSITION OF SERGIO AVANTO. ................................................................23

    D.    THE MONETARY SANCTIONS SOUGHT BY PLAINTIFFS ARE OUTRAGEOUS...........................................................24

V.    PLAINTIFFS' CONCLUSION.........................................................25

VI.    DEFENDANTS' CONCLUSION......................................................25

# TABLE OF AUTHORITIES

## CASES

*A. Farber and Partners, Inc. v. Garber*,
234 F.R.D. 186 (C.D. Cal.2006)..................................................................21

*B-K Lighting, Inc. v. Vision3 Lighting*,
2013 WL 941839 (C.D. Cal. March 11, 2013)............................................13

*Britz Fertilizers, Inc. v. Bayer Corp.*,
2009 WL 1748775 (E.D. Cal. 2009) ...........................................................12

*Columbia Pictures Industries v. Bunnell*,
2007 WL 2080419 (C.D. Cal. May 29, 2007)..............................................13

*Diamond v. Digital Interactive Associates, Inc.*,
2007 WL 4365418 (C.D. Cal. 2007) ...........................................................14

*Fair Housing of Marin v. Combs*,
285 F.3d 899 (9th Cir. 2002) ...............................................................11, 20

*Henry v. Gill Industries, Inc.*,
983 F.2d 943 (9th Cir.1993) ...............................................................11, 21

*Hoffman v. Construction Protective Services, Inc.*,
541 F.3d (9th Cir. 2008) ..............................................................................14

*In re Hitachi Television Optical Block Cases*,
2011 WL 3563781 (S.D. Cal.2011)..............................................................24

*Keithley v. Homstore.com, Inc.*,
2009 WL 55953 (N.D. Cal. 2009) ...............................................................15

*Lanard Toys, Ltd. V. Novelty, Inc.*,
375 Fed.Appx. 705 (9th Cir. Apr. 13, 2010) ...............................................18

*Network Appliance, Inc. v. Bluearc Corp.*,
2005 WL 1513099 (N.D. Cal. 2005) ...........................................................13

*R&R Sails, Inc. v. Insurance Co. of State of Pa.*,
251 F.R.D. 520 (S.D. Cal. 2008) .................................................................15

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007, 1022 (9th Cir. 2002) ..........................................................21

*The Sunrider Corp. v. Bountiful Biotech Corp.*,
   2010 WL 4590766 (C.D. Cal. 2010) ...............................................................14

*Toyriffic, LLC v. Karapetian*,
   2013 WL 1628614 (C.D. Cal. April 16, 2013).................................................14

*Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*,
   2007 WL 2758571 (C.D. Cal. 2007) ...............................................................13

*Wong v. Regents of the Univ. of Cal.*,
   410 F.3d 1052 (9th Cir. 2005) .........................................................................18

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) .........................................................................18

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure

   Rule 26(a) ...............................................................................12, 14, 17, 18

   Rule 26(a)(1)................................................................................................12

   Rule 26(a)(1)(B) ..........................................................................................12

   Rule 26(a)(1)(E)...........................................................................................13

   Rule 26(g)(3) ...............................................................................................13

   Rule 37(c)(1)(A)-(C) ...................................................................................15

   Rule 37-1......................................................................................................6

   Rule 26.................................................................................................passim

   Rule 26(e) .............................................................................................13, 17

   Rule 26(g) .............................................................................................12, 13

   Rule 37.................................................................................................passim

   Rule 37(b)(2)(A)(i)-(vi)...............................................................................15

   Rule 37(c) .....................................................................................................14

   Rule 37(c)(1)..........................................................................................14, 18

# I.

## PLAINTIFFS' INTRODUCTION

## A.   INTRODUCTION AND SUMMARY

Defendants surprised Plaintiffs with previously-unproduced and undisclosed documents at deposition, failed to search computers and files at their "race shop" facility in Murrieta, California and produced two thousand pages of documents (and counting) after the discovery cutoff in this case. Plaintiffs now face the prospect of going to trial in this case with thousands of documents on which they were never permitted to conduct discovery.  The Federal Rules are supposed to prevent parties from surprising their adversaries by requiring that they search for, and produce, all potentially relevant documents (as well as electronically stored information) well in advance of the discovery cutoff in the case. Defendants failed to comply with those obligations under the Federal Rules.

Plaintiffs James Stewart Entertainment, LLC and James Stewart, Jr. ("Stewart") (collectively, "Plaintiffs") move for an order under Rules 26 and 37 of the Federal Rules of Civil Procedure imposing evidence preclusion and monetary sanctions against Defendants L&M Racing, LLC ("L&M") and Mike Kranyak ("Kranyak") (collectively, "Defendants") stemming from Defendants' violations of their disclosure and discovery obligations in this case.  Specifically, pursuant to this motion, Plaintiffs seek the following relief under Rules 26 and 37:

(a)    An order striking and precluding Defendants from introducing, mentioning or otherwise using any testimony from Stewart's April 15, 2013 deposition, including but not limited to that portion of Stewart's deposition in which Defendants questioned Stewart about documents that Defendants did not previously produce or disclose to Plaintiffs;

(b)    An order striking and precluding Defendants from introducing, mentioning or otherwise using any testimony from Sergio Avanto's April 16, 2013 deposition for any purpose, including but not limited to that portion of Avanto's

PRINTED ON
RECYCLED PAPER

deposition in which Defendants questioned Avanto about documents that Defendants did not previously produce or disclose to Plaintiffs;

(c)     An order precluding Defendants from introducing, mentioning or otherwise using the documents which were not previously disclosed or produced to Plaintiffs marked as Exhibits 1017, 1022, 1032, 1045, 1046 and 1051 which were first identified at Stewart's April 15, 2013 deposition, some of which were later used as exhibits in Avanto's April 16, 2013 deposition, and some of which Defendants belatedly produced after those depositions with bates stamp identification numbers L&M 002017 through L&M 002024 (and which Defendants later renumbered L&M 4090-98);

(d)     An order precluding Defendants from introducing, mentioning or otherwise using documents untimely produced by Defendants to Plaintiffs on or about May 8, 2013, bates stamped L&M 002025-3992 pursuant to their belated search of L&M's principal place of business in violation of their obligations under Rule 26;

(e)     An order precluding Defendants from introducing, mentioning or otherwise using documents which Defendants have not previously disclosed or produced to Plaintiffs in a timely manner such that Plaintiffs had the opportunity to conduct follow up discovery before the discovery cutoff (*i.e.* all documents which have bates numbers higher than L&M 2016);

(f)     An order requiring Defendants to pay reasonable expenses, including attorneys' fees, resulting from their failure to comply with their obligations under Rule 26, specifically in the following amounts: (i) $4,000.00 for the time to review documents previously produced and belatedly produced by Defendants to determine and confirm that the exhibits Defendants used in Mr. Stewart's deposition – Exhibit Nos. 1017, 1022, 1032, 1045, 1046, and 1051 – were not previously produced or identified in Defendants' initial disclosures and the documents Defendants produced on May 8, 2013 were not previously produced or disclosed, including time to and draft and send correspondence to Defendants regarding these documents; (ii)

$15,520.00 for the time expended to prepare this motion to address Defendants'

discovery and disclosure violations; and (iii) $11,600.00 for the amount Plaintiffs

expect to expend to coordinate the finalization and filing of this joint stipulation, to

prepare the supplemental brief in support of this motion and to prepare for and argue

at the hearing on this motion.[1/]

          Defendants have effectively admitted that they failed to search L&M's

principal base of operations, including the computer of one of L&M's key employees

who was the express subject of Plaintiffs' discovery requests.  This Court must redress

Defendants' untimely search for documents and ESI through the order sought here.

Plaintiffs are entitled to an order imposing evidence preclusion and monetary

sanctions.

## B.   FACTUAL BACKGROUND

          Defendants failed to comply with their discovery obligations multiple

times during this case.  Plaintiffs filed this action for breach of contract on January 10,

2012 and Defendants filed counterclaims thereafter.  (Avanzado Decl. ISO Joint Stip.

for Sanctions ("Avanzado Decl.") ¶ 2.) Plaintiffs propounded requests for production

to Defendants on July 30, 2012 and October 17, 2012, including requests for

documents relating to Larry Brooks, Brooks' membership/ownership interest in L&M,

and Brooks' business arrangements that bound Defendants, and L&M's corporate

books and records.  (Avanzado Decl. ¶¶ 6, 7.)  However, the parties agreed to stay

such discovery (and all work on this case) pending the outcome of their scheduled

mediation in October 2012.  (Avanzado Decl. ¶ 3.)  When the parties' mediation was

unsuccessful, the parties resumed discovery and other matters in this case.  (Avanzado

---

1.    Plaintiffs have set forth the amounts they have expended through the time they
sent their portion of the joint stipulation to Defendants' counsel. (Avanzado Decl.
¶ 29.)  Thus, Plaintiffs expect to expend additional time to finalize this joint
stipulation and coordinate with Defendants' counsel prior to filing.  (*Id.*) If the Court
permits, Plaintiffs will file a supplemental declaration for the amounts actually
expended for the preparation of the supplemental brief and preparation for and
attendance at the hearing on this motion.

Decl. ¶ 4.)  Defendants served written responses to Plaintiffs' requests for document on or about November 13, 2012. (Avanzado Decl. ¶¶ 6, 7.)  Defendants did not produce documents with their written responses. (Avanzado Decl. ¶¶ 6, 7.)

The parties exchanged initial disclosures on or about November 6, 2012. (Avanzado Decl. ¶ 5.) Plaintiffs produced documents in connection with their initial disclosures on December 3, 2012.  (Avanzado Decl. ¶ 5.)  Defendants, however, did not produce documents identified in their Rule 26 initial disclosures until January 23, 2013 – nearly two months after Plaintiffs produced their Rule 26 initial disclosure documents to Defendants.  (Avanzado Decl. ¶ 5.)

Plaintiffs scheduled Kranyak's deposition for February 14, 2013. (Avanzado Decl. ¶ 8.) Defendants did not produce documents responsive to Plaintiffs' document requests until the day before that deposition.  (Avanzado Decl. ¶¶ 8.)

On April 15, 2013 – at Stewart's deposition – Defendants ambushed Stewart with documents not previously produced or disclosed.   (Avanzado Decl. ¶¶ 10-13 & Exhs. A-15; B-18-24; C-26.)  On April 17, 2013, two days before the discovery cutoff, Plaintiffs first learned that Defendants failed to search – or even contemplate searching – L&M's "race shop" in Murrieta, California, a facility Kranyak admitted was still within his control and which contained multiple computers that Defendants never searched.  (Avanzado Decl. ¶¶ 9, 20 & Exh. I-76-79.) Defendants admit they never searched two computers, including the computer of Larry Brooks. (Estrada Decl. (Docket No. 82) ¶ 9, Avanzado Decl. ¶ 19 & Exh H-69; Kranyak Depo. at 305:10-308:21; Avanzado Decl. ¶ 20 & Exh. I-76-79.)  Brooks testified that he "left his computer at L&M" and that "any documentation [concerning his L&M employment] would be there."  (Brooks Depo. at 96:21-97:2, Avanzado Decl. ¶ 21 & Exh. J-85-86.)[2]

---

2.      Brooks left all of his belongings at L&M's Murrieta facility when he left the premises; Defendants shipped those belongings to him in a box.  (Brooks Depo. at 100:5-100:15, Avanzado Decl. ¶ 21 & Exh. J-87.)

Weeks after the April 19 discovery cut-off, on May 18, 2013, Defendants acknowledged that they belatedly conducted a search of L&M's Murrieta facility and produced the documents purportedly retrieved from the computers at the Murrieta facility. (Avanzado Decl. ¶¶ 17-18 & Exhs. F-54-58 & G-60-65.)  Defendants produced over 1900 pages of documents after the discovery cutoff – which is almost as much as all of the documents Defendants timely produced during the discovery period.  (Avanzado Decl. ¶ 19.)  In a declaration filed by Defendants' counsel with Kranyak's reply brief in support of his summary judgment motion, Defendants admit that they did not attempt to search relevant computers in L&M's Murrieta facility until after Kranyak's deposition on April 17, 2013 – in violation of Rule 26 – and did not produce documents until after the April 19, 2013 discovery cutoff.  (Estrada Decl. (Docket No. 82) ¶¶ 9-14.)[3]  Defendants admit that among the computers that they did not search at the outset of this case is Larry Brooks' computer.  (*Id*. ¶ 9.)

More recently, on May 15, 2013, Defendants produced an additional document which they did not previously produce or disclose to Plaintiffs.  (Avanzado Decl. ¶ 22 & Exh. K-90.)  Further, on May 17, 2013, Defendants claimed that they recovered numerous documents on Brooks' computer – documents which would have been responsive to Plaintiffs' discovery requests.  (Avanzado Decl. ¶ 23 & Exh. L-92-93.)  Defendants' cursory descriptions of the documents on Brooks' computer confirm that those documents would have been responsive to Plaintiffs' discovery requests and are otherwise relevant to this case.  (Avanzado Decl. ¶ 23.)  Defendants' documents produced with bates stamp identification numbers higher than L&M 2016 are the documents which Defendants did not produce or disclose prior to the discovery cutoff.  (Avanzado Decl. ¶ 24.)[4]

---

3.     For the Court's convenience and reference, the Estrada Delaration (Docket No. 82) which Defendants filed on April 29, 2013 is also attached as Exhibit H to the Avanzado Declaration filed concurrently herewith.

4.     On May 14, 2013, this Court, the Honorable Jesus G. Bernal, issued an order (Docket No. 100) directing the parties to prepare discovery motions on specific issues (cont'd)

JOINT STIP. RE PLAINTIFFS' MOTION FOR EVIDENCE PRECLUSION AND MONETARY SANCTIONS

## II.

## DEFENDANTS' INTRODUCTION

Putting plaintiffs' hyperbole aside, and plaintiffs' slant on the facts, defendants have done all they can to comply with plaintiffs' demands.  As plaintiffs note, discovery in this action was stayed to permit the parties to participate in mediation, giving the parties approximately 5 months to complete discovery.  Initial disclosures were exchanged in late November, 2012 and the discovery cut-off date was April 19, 2013.

In their initial disclosures, defendants identified 127 documents and subsequently produced more than 700 pages of documents at plaintiffs' request. Plaintiffs produced approximately 200 pages of documents. On February 13, 2013, defendants produced an additional 2,000 pages of documents in response to plaintiffs' written discovery. To date, defendants have produced more than 4,700 pages of documents for this rather simple collections case.  Plaintiffs, to date, have produced a total of approximately 700 pages of documents.

The facts and issues in this case are relatively uncomplicated.  James Stewart is a professional motocross rider.  Stewart is suing his former team, L&M Racing, LLC, and its owner, Mike Kranyak, for $1.2 million that he claims is owed to him under their written "Rider Racing Agreement." Defendants are counter-suing Stewart for his breach of an oral agreement to purchase L&M Racing from Kranyak, and for damages Stewart caused to L&M Racing when Stewart's arrest resulted in the loss of the L&M Racing's title sponsor.

---

(cont'd)

to be decided by Magistrate Judge Pym.  Judge Bernal's order referenced Plaintiffs' statements in the parties' other motions that Plaintiffs would file separate motions concerning Defendants' disclosure and discovery violations and specifically directed the parties to file a motion before Magistrate Judge Pym for any "[p]roposed sanctions for the alleged discovery violations."  Plaintiffs had finished a motion in limine seeking evidence preclusion and monetary sanctions but did not file it as a result of Judge Bernal's order.  Plaintiffs have converted their motion in limine to this joint stipulation to seek reflief from Magistrate Judge Pym under Local Rule 37-1. (Avanzado Decl. ¶¶ 25-26.)

This motion can be narrowed down to two very simple issues: (1) defendants' counsel mistakenly omitted 4 emails from their 2,700 pages of initial disclosures and production, and used the 4 emails as exhibits to James Stewart's deposition without realizing that the emails had not been previously produced; and (2) defendants did not think to search two computers located at defendants' Murrieta location.

Defendants do not deny that they had a duty to search the computers to respond to plaintiffs' written discovery, or to disclose or produce documents that defendants intended to use during discovery. But, the omissions were entirely unintentional, substantially justified, and harmless to plaintiffs. Moreover, plaintiffs seek the harshest of sanctions – exclusion of over 2,000 pages of evidence, exclusion of the entire deposition testimony of a percipient witness, and monetary sanctions of at least $31,000.00.  These sanctions are not warranted given the totality of the circumstances.

## A.    __The emails__

Plaintiffs claim that defendants used 6 emails as exhibits in Stewart's April 15, 2013 deposition that were not previously identified or produced.  In reality, it was 4 emails.  Below are the 6 emails that plaintiffs seek to exclude from evidence at trial (as well as any testimony relating to these exhibits):

- 06/10/2010 email from Stewart to Mike Kranyak attaching a signed addendum to their Rider Racing Agreement.  The signed addendum that was attached to the email was both identified and produced by defendants, and there is no dispute in that regard.

- 12/02/2010 email from Sergio Avanto to Stewart regarding the potential acquisition of a piece of equipment informally known as a "dyno."

- 02/08/2011 email from Stewart to Kranyak attaching a Membership Interest Purchase Agreement.  The Membership Interest Purchase Agreement that was attached to the email was both identified and produced by defendants and there is no dispute in that regard.

- 04/19/2011 email from Sergio Avanto to Stewart and Kranyak regarding the "dyno."

- 05/13/2011 email from Sergio Avanto to Stewart regarding the "dyno."

- 06/09/2011 email from Sergio Avanto to Stewart regarding staff changes.

First and foremost, two of these emails were previously produced **by plaintiffs**. The December 2, 2010 and April 19, 2011 emails from Sergio Avanto regarding the purchase of the "dyno" were produced by plaintiffs on December 3, 2012 as part of their initial disclosures. The emails are bates stamped S1000084-85, and S10000192-193. (Decl. of E. Estrada, ¶ 4.)  Additionally, the April 19, 2011 email was used as an exhibit to the deposition of Kranyak taken on February 14, 2013. Given that Rule 26 does not require a supplement to initial disclosures if the other party has been made aware of the document through discovery, plaintiffs cannot legitimately claim that these emails, or any testimony relating thereto, should be excluded. This leaves only 4 emails that were used as exhibits to Stewart's deposition that had not been previously produced.

Defendants readily admit that the 06/10/2010, 02/08/2011, 05/13/2011, and 06/09/2011 emails were mistakenly omitted from production prior to Stewart's deposition.  As soon as defendants' counsel were alerted that there were some emails used during Stewart's deposition that had not been previously produced, defendants' counsel searched the production again to determine if anything had been omitted. (Dec. of E. Estrada, ¶ 10.)   On April 18, 2013, defendants identified and bates stamped all emails they believed had been erroneously omitted from the prior productions. (Decl. of E. Estrada, ¶ 11.)  At the time, based on their initial disclosures, defendants believed that the June 10, 2010 email had been produced, and defendants did not re-produce the June 10, 2010 email.

Three weeks later, and after the discovery cut-off date, plaintiffs' counsel indicated that upon their own review, they believed that the June 10, 2010 email attaching the *addendum* to the 2010 Rider Racing Agreement had not been produced.

(Decl. of E. Estrada, ¶ 12.) The June 10, 2010 email attaching the *addendum* was identified as document number 41 of 127 documents in defendants' initial disclosures. But, when defendants informally produced the documents identified in their initial disclosures to plaintiffs, instead of producing the June 10, 2010 email attaching the *addendum* to the Rider Racing Agreement, defendants' counsel mistakenly produced a June 10, 2010 email attaching the *Rider Racing Agreement* itself.   (Decl. of E. Estrada, ¶ 5.)

When a party fails to provide information as required under Rule 26, the party is not allowed to use that information at a trial unless the failure was substantially justified or harmless.  Here, there has been no harm to plaintiffs.  Plaintiffs were not ignorant of these emails. Stewart either drafted each email, or was the recipient of the email. Moreover, after Stewart's deposition, the depositions of other witnesses with knowledge of the 4 emails were conducted. Sergio Avanto's deposition was conducted on April 16, 2013, and plaintiffs conducted a further deposition of Mike Kranyak on April 17, 2013.  (Decl. of E. Estrada, ¶¶ 15 & 16.) If any of these 4 emails caused plaintiffs any concern, plaintiffs had the absolute ability to question Kranyak and Sergio Avanto as to the emails at their depositions. Accordingly, discovery does not have to be re-opened and plaintiffs have not suffered any harm.

In addition, the omission of the emails from prior production was entirely unintentional. Defendants' conduct is not indicative of a willful or intentional disregard of the discovery rules. To the contrary, defendants have produced more than 4,700 pages of documents to plaintiffs, as compared to the approximately 700 pages of documents plaintiffs have produced. (Decl. of E. Estrada, ¶¶ 3, 4, 6, & 21.)

**The computers**

At the second deposition of Mike Kranyak on April 17, 2013, plaintiffs inquired as to whether Kranyak had searched the computers at L&M Racing's premises in Murrieta, California. Kranyak candidly testified that there were two computers that

PRINTED ON
RECYCLED PAPER

may have relevant information on them, but that he had not thought to search them until plaintiffs' counsel asked about it.

Defendants immediately obtained the computers and searched them. Larry Brooks' computer was not functioning and no documents could be retrieved at that time. In fact, Larry Brooks had stopped using his computer sometime in late 2010 or early 2011 because it was malfunctioning during his employment.  (Decl. of E. Estrada, ¶ 22.)

Debra Leonardo's computer contained several documents that were responsive to plaintiffs' written discovery requests. Defendants also located a few other computers.  (Decl. of E. Estrada, ¶ 22.)  On May 3, 2013, defendants produced all responsive documents that could be retrieved by a non-computer expert from the computers.  (Decl. of E. Estrada, ¶ 18.)

Defendants, however, went even one step further.  Under no obligation, and at their own expense of thousands of dollars, defendants retained a data recovery expert to recover information from Larry Brooks' computer, and to recover additional documents from a computer used by Sergio Avanto.  Defendants have now retrieved all of that information and will be producing it to plaintiffs.  (Decl. of E. Esetrada, ¶ 19.)

While plaintiffs attempt to slant the facts and argue that defendants have been willfully defiant in their discovery obligations, there is no evidence to support that contention. Plaintiffs have provided virtually no discovery in this case. They identified only 8 witnesses compared to the 25 identified by defendants. Plaintiffs have produced only 700 pages of documents as compared to defendants' 4,700 pages of documents.  Defendants have retained a computer expert, at defendants' sole expense, to recover additional documents that could not otherwise be recovered.  Moreover, this is not a situation in which defendants have refused to produce discovery. To the contrary, this is a situation in which defendants were alerted that they had missed

some computers when searching for responsive documents, immediately conducted the search, and produced the documents they could retrieve.

Discovery sanctions are appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). Prejudice and the availability of lesser sanctions are the key factors in determining whether to impose discovery sanctions. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir.1993).

Here, there is no evidence of willfulness or bad faith. Defendants have not, by any means, stonewalled plaintiffs' discovery efforts. A human error was made and Kranyak did not think to search some computers located at L&M Racing's "shop."

Since the revelation that some computers had been missed, those computers were searched and some documents have been produced. Kranyak's candor, his immediate search for responsive documents from the computers, and his willingness to bear the expense of hiring an expert to retrieve even more documents all show that Kranyak did not willfully or deliberately withhold documents.

More importantly, though, Stewart has not in any way been harmed by the failure to search the computers. Defendants seek to use only 1 document from the Murrieta computers. (Decl. of E. Estrada, ¶ 24.) Therefore, plaintiffs will not be required to review thousands of pages of documents after the discovery cut-off date, nor will plaintiffs be required to conduct additional discovery. Defendants are not seeking to amend their counterclaims or defenses based on the new document, and no new witnesses have been revealed.

Based on these unintentional and harmless oversights, plaintiffs seek the most extreme of remedies – the exclusion of the emails, the exclusion of any testimony of James Stewart relating to the emails, the exclusion of all deposition testimony of Sergio Avanto, the exclusion of all documents retrieved from the computers of Debra Leonardo, Larry Brooks, and Sergio Avanto, and monetary sanctions of at least

$31,000.00.  Rule 37 is simply not that harsh and the circumstances of this case do not warrant such a harsh result.

## III.

## PLAINTIFFS' LEGAL ARGUMENT – THIS COURT SHOULD ISSUE AN ORDER WHICH REDRESSES DEFENDANTS' FAILURE TO COMPLY WITH THEIR DISCOVERY AND DISCLOSURE OBLIGATIONS

**A.**   **Legal Standards Applicable To Defendants' Conduct In Violation of Their Discovery and Disclosure Obligations**

Rule 26 mandates that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. . . ." Fed. R. Civ. P. 26(a)(1).  The purpose of Rule 26 disclosures is to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a), Adv. Comm. Notes to 1993 Amendment.  "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37 . . . [and] . . . is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions." Fed. R. Civ. P. 26(g), Adv. Comm. Notes to 1983 Amendment.  "Indeed, the purpose of the Rule 26 disclosure requirement is to prevent surprise testimony . . . ." *Britz Fertilizers, Inc. v. Bayer Corp.*, 2009 WL 1748775, at *3 (E.D. Cal. 2009) (discussing expert witness disclosures).

Rule 26 obligations encompass electronically stored information that the disclosing party has "in its possession, custody or control" that the party "may use" to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(B).  A disclosing party has the obligation to produce electronically stored information that is "relevant, not privileged and reasonably accessible." Fed. R. Civ. P. 26(a), Adv. Comm. Notes to 2006

PRINTED ON
RECYCLED PAPER

Amendment.  Federal courts have consistently held that documents are within a party's possession, custody or control if the party "has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Columbia Pictures Industries v. Bunnell*, 2007 WL 2080419, at *6 (C.D. Cal. May 29, 2007).

A party "must make its initial disclosures based on the information then reasonably available to it" and is not excused from making its disclosures "because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). Counsel's signature on a party's initial disclosures and discovery responses, certifies that the disclosures are "complete" after a "reasonable inquiry." Fed. R. Civ. P. 26(g).

Rule 26 provides sanctions to be imposed on a party if counsel for the nondisclosing party fails to make a "reasonable inquiry" into the factual basis for any discovery response. *Network Appliance, Inc. v. Bluearc Corp.*, 2005 WL 1513099, at *2 (N.D. Cal. 2005).  A party's failure to supplement disclosures or discovery responses in a timely fashion can be grounds for exclusion of the undisclosed information. *B-K Lighting, Inc. v. Vision3 Lighting*, 2013 WL 941839, at *25 (C.D. Cal. March 11, 2013) (striking portions of a party's expert witness report in ruling on a summary judgment motion for the party's failure to disclose or supplement its responses under Rule 26(e)).

Sanctions are mandatory under Rule 26(g) which requires that counsel "make a reasonable investigation and effort to certify that the client has provided all information and documents available to it which are responsive to a discovery request." *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, 2007 WL 2758571, at *20 (C.D. Cal. 2007) (citing Fed. R. Civ. P. 26(g)(3)). Rule 26(g)(3) provides that the court "must impose an appropriate sanction on the [person who made the certification], the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).  The sanction may include "an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.*

In addition, Rule 37 authorizes the district court to impose sanctions when a party "fails to comply with the rules of discovery or with court orders enforcing those rules." *The Sunrider Corp. v. Bountiful Biotech Corp.*, 2010 WL 4590766, at *26 (C.D. Cal. 2010). Rule 37(c)(1) "gives teeth" to the disclosure requirements of Rule 26 by "forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d at 1175 (9th Cir. 2008). "Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless." *Hoffman*, 541 F.3d at 1179. The nondisclosing party bears the burden of proving that the nondisclosure was substantially justified or harmless. *Toyriffic, LLC v. Karapetian*, 2013 WL 1628614, at *2 (C.D. Cal. April 16, 2013).

Rule 37(c) is "a self-executing, automatic sanction to provide a strong inducement for disclosure of material," the implementation of which is appropriate "even when a litigant's entire cause of action . . . [will be] precluded." *Hoffman*, 541 F.3d at 1180 (citation omitted). The court need not find willfulness or bad faith on the part of the nondisclosing party to exclude evidence. *Id.* The Rule 37 sanction excluding evidence for failure to comply with Rule 26 is "mandatory unless such failure is harmless." *Diamond v. Digital Interactive Associates, Inc.*, 2007 WL 4365418, at *1 (C.D. Cal. 2007).

Thus, the rules governing sanctions stemming from Defendants' failure to comply with their disclosure and discovery obligations are clear (and requires that the Court grant Plaintiffs' motion):

> If a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: [¶] (A) may order payment

1    of the reasonable expenses, including attorney's fees, caused by

2    the failure; [¶] (B) may inform the jury of the party's failure;

3    and [¶] (C) may impose other appropriate sanctions, including

4    any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

5   Fed. R. Civ. P. 37(c)(1)(A)-(C);[5/] *see also Keithley v. Homstore.com, Inc.,* 2009 WL

6   55953 *10 (N.D. Cal. 2009) (awarding monetary sanctions totaling $205,507.53 under

7   Rule 37 for costs incurred relating to the failure to produce documents); *R&R Sails,*

8   *Inc. v. Insurance Co. of State of Pa.*, 251 F.R.D. 520, 527-29 (S.D. Cal. 2008)

9   (imposing $39,914.68 in monetary sanctions for "attorneys fees and costs associated

10  with Defendant's untimely production of electronically-stored information" and

11  precluding other evidence not previously disclosed).

12  **B.    Defendants' Conduct Was Not Substantially Justified and Not Harmless**

13          The following indisputable facts compel the Court to grant Plaintiffs the

14  relief requested in this motion.  Defendants surprised Stewart at his deposition with

15  six exhibits which Defendants did not previously disclose or produce.  (Avanzado

16  Decl. ¶¶ 11-15.) Defendants admitted that they used these exhibits and questioned

17  Stewart on documents which Defendants did not previously disclose or produce to

18  Plaintiffs.  (Avanzado Decl. ¶ 11.)

19          L&M maintains a "race shop" facility in Murrieta.  (Defendants' Answer

20  (Docket No. 10) ¶ 6.)  L&M to this day maintains "control" over that facility and the

21  personal property within the premises.  (Kranyak Depo. at 307:2-307:19, Avanzado

22  Decl. ¶ 20 & Exh. I-78.) Located within L&M's Murrieta race shop were computers,

23

24  _____

5.    Rule 37 lists the following available sanctions orders: "(i) directing that the
25  matters embraced in the order or other designated facts be taken as established for
    purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient
26  party from supporting or opposing designated claims or defenses, or from introducing
    designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying
27  further proceedings until the order is obeyed; (v) dismissing the action or proceeding
    in whole or in part; (vi) rendering a default judgment against the disobedient party; or
28  (vii) treating as contempt of court the failure to obey any order except an order to
    submit to a physical or mental examination."  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

at least two of which Defendants admit they never searched at the outset of the case. (Estrada Decl. (Docket No. 82) ¶ 9, Avanzado Decl. Exh H-69; Kranyak Depo. at 305:10-308:13; Avanzado Decl. Exh. I-76-79.)

One of the computers Defendants did not search was the computer of Larry Brooks – an important person in this case. (Estrada Decl. (Docket No. 82) ¶ 9, Avanzado Decl. Exh H-69; Kranyak Depo. at 305:10-308:21; Avanzado Decl. Exh. I-76-79.) Brooks left his computer at the race shop and testified that "any documentation" concerning his L&M employment "would be there. (Brooks Depo. at 96:21-97:2, Avanzado Decl. Exh. J-85-86.) Defendants conducted a belated search of computers at L&M's race shop facility after Kranyak admitted Defendants' failure to search those computers at the second session of his deposition on April 17, 2013. (Estrada Decl. (Docket No. 82) ¶¶ 9-14, Avanzado Decl. Exh H-69-70.) On May 8, 2013, Defendants produced almost 2000 pages of documents, weeks after the discovery cutoff, as a result of Defendants' belated search of that facility. (Avanzado Decl. ¶ 19.) Defendants have identified numerous other documents relevant to this case and responsive to Plaintiffs' discovery which they never produced or disclosed but which they plan to produce in this case. (Avanzado Decl. ¶ 23 & Exh. L-92-93.) Defendants do not (because they cannot) explain their failure to conduct this search for ESI (or other documents) at the outset of this case and well before the discovery cutoff. (*See* (Estrada Decl. (Docket No. 82) ¶¶ 9-14, Avanzado Decl. Exh H-69-70.)[6/]

Under Rules 26 and 37, Plaintiffs are entitled to both evidence preclusion and monetary sanctions for Defendants' failure to comply with their discovery and

---

6. Defendants' counsel initially claimed that they were unable to access Brooks' computer when they finally searched it on April 19, 2013 (the discovery cutoff date). (Estrada Decl. (Docket No. 82) ¶ 11, Avanzado Decl. Exh H-69.) Assuming this was true, the question remains whether the passage of time – from January 2012 when this case began until April 19, 2013 when Defendants got around to searching Brooks' computer – and the conduct of Defendants or their employees during that time affected Brooks' computer. In any event, Defendants have now apparently been able to retrieve documents from Brooks' computer – documents which would have been responsive to Plaintiffs' discovery and relevant to this case. (Avanzado Decl. ¶ 23 & Exh. L-92-93.)

disclosure obligations. Plaintiffs face the prospect of a trial with almost 2000 pages of "new" documents.  Plaintiffs had no opportunity to conduct any discovery on those documents.  Having waited almost a year and a half to search it, Defendants now claim that they cannot access Brooks' computer.  In addition, Defendants used exhibits which had not been previously disclosed or produced to surprise Stewart at his deposition.  These facts – which cannot be disputed – establish that Defendants violated their obligations under the Federal Rules.  Defendants failed to conduct a proper search of ESI at the outset of the case; Defendants failed to conduct a reasonable inquiry both in connection with their initial disclosures and in their responses to Plaintiffs' written discovery.

Plaintiffs have been unduly prejudiced by the "surprise" documents and the documents Defendants produced after the discovery cutoff.  Defendants have not (because they cannot) justify their failure to search Brooks' computer and the L&M Murrieta facility until after Plaintiffs obtained Kranyak's testimony on the eve of the discovery cutoff.  Nor can Defendants justify their production of almost 2000 pages of documents *after* the discovery cutoff.  Plaintiffs are entitled to an order precluding these documents and for compensation for the attorneys' fees expended to seek redress from Defendants' conduct.  This Court should grant this motion.

## IV.

## DEFENDANTS' LEGAL ARGUMENTS

### A.   DEFENDANTS' FAILURE TO PRODUCE THE 4 EMAILS WAS HARMLESS AND SUBSTANTIALLY JUSTIFIED.

Federal Rule of Civil Procedure, Rule 26(a) requires that parties provide certain initial disclosures. The parties must thereafter supplement or correct discovery responses and disclosures if the information has not been otherwise been made known to the other parties during the discovery process.  Fed. R. Civ. P. 26(e).

Specifically, Rule 26(e) provides:

Supplementing Disclosures and Responses.

(1) In General.  A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:

   (A) In a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

   (B) As ordered by the court.

"If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed.R.Civ.P. 37(c)(1); See also *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  The party facing sanctions bears the burden of establishing that the delay was either substantially justified or harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

In determining whether a violation of the discovery rules was substantially justified or harmless, courts are guided by the following considerations:  1) prejudice or surprise to the party against whom the evidence is offered; 2) the ability of the party to cure the prejudice; 3) the likelihood of disruption of the trial; and 4) bad faith or willfulness involved in not timely disclosing the evidence.  *Lanard Toys, Ltd. V. Novelty, Inc.*, 375 Fed.Appx. 705, 713 (9th Cir. Apr. 13, 2010).  The Ninth Circuit affords particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).  *Yeti by Molly, supra*, 259 F.3d at 1106.

1. **Plaintiffs Have Not Been Prejudiced by the Omission of the 4 Emails From Prior Production, and if They Have, Any Such Prejudice Has Been Cured.**

Stewart either prepared the 4 emails in question himself, or was a recipient of them. His deposition was not the first time he had seen the emails. The recipients and senders of the emails in question were Stewart, Kranyak, and Sergio Avanto. Stewart's deposition, at which the emails were used, took place on April 15, 2013. Sergio Avanto's deposition took place on April 16, 2013. Kranyak's second deposition took place on April 17, 2013. Based on the deposition schedule, plaintiffs had the opportunity to ask both Kranyak and Sergio Avanto about the emails. In other words, plaintiffs have not been precluded from conducting discovery as to the emails. This shows that plaintiffs were not prejudiced, and if they were, they had the ability to cure any such prejudice by asking Kranyak and Sergio Avanto about the 4 emails during their depositions.

2. **There is No Likelihood of Disruption of Any New Trial Date Set.**

While trial in this case already appears to have been disrupted because of the parties' various discovery disputes and the potential impact of those disputes on the motions for summary judgment and motions for modification of the scheduling orders, the new trial date will not be disrupted. No new discovery has to be conducted as to these emails because plaintiffs already had the opportunity to inquire about the emails during Kranyak's and Sergio Avanto's depositions. The emails do not introduce new theories or new witnesses, and do not in any way hinder plaintiffs' ability to prosecute this case.

3. **There is No Bad Faith or Willfulness on Defendants' Part.**

Defendants, in connection with their initial disclosures and initial discovery responses, produced more than 2,700 pages of documents for a simple breach of contract action. Defendants have also produced an additional 2,000 pages of documents.

Defendants' identified in their initial disclosures the June 10, 2010 email attaching the *addendum* to the Rider Racing Agreement, but when defendants' counsel informally produced the documents to plaintiffs, defendants' counsel mistakenly forwarded the June 10, 2010 email attaching the *Rider Racing Agreement*, rather than the email attaching the *addendum*.   The mistake is understandable.   In addition, the June 10, 2010 email attaching the *addendum* was mistakenly labeled in defendants' counsel's electronic file as an email dated June 10, 2011. Therefore, when defendants' counsel was looking for a June 10, 2010 email to produce to plaintiffs, the only email that came up in the electronic file was the June 10, 2010 email attaching the *Rider Racing Agreement*.

With regard to the three remaining emails, they should have been produced or identified, but it was an oversight by defendants' counsel.   Defendants' counsel immediately searched prior productions and produced all documents they believed had not been previously produced.   Defendants' counsel did this before the discovery cut-off date.

In short, defendants' conduct has not been willful or in bad faith.   Defendants' conduct shows that they have been more than reasonable in their efforts to comply with their discovery obligations. Defendants' failure to produce the 4 emails out of 2,700 pages of initial production was simply an oversight, and plaintiffs have not in any way been harmed.   Therefore, both exclusion and monetary sanctions are not warranted.

**B.**   **DEFENDANTS' FAILURE TO SEARCH THE MURRIETA COMPUTERS WAS NOT IN BAD FAITH, WAS NOT WILLFUL, HAS NOT RESULTED IN PREJUDICE TO PLAINTIFFS, AND LESS DRASTIC SANCTIONS WOULD BE APPROPRIATE.**

Discovery sanctions are appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party.  *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). In deciding whether to grant a

motion for sanctions for noncompliance with discovery, the court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking the sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). Since the first two factors favor the imposition of sanctions in most cases, while the fourth cuts against sanctions, prejudice and the availability of lesser sanctions are the key factors in determining whether to impose discovery sanctions. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir.1993).

### 1.   <u>There is No Bad Faith or Willfulness on the Part of Defendants.</u>

The discovery rules do not require a litigant to be infallible.  Rather, a litigant is obligated to conduct a reasonable inquiry. This means that a party responding to a production request is under an affirmative duty to seek that information reasonable available from employees, agents, or others subject to the party's control.  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 190 (C.D. Cal.2006).

Plaintiffs complain that they received more than 2,000 pages of documents after the discovery cut-off date, and that this was an attempt by defendants to ambush them. Plaintiffs could not be more mistaken.

First, defendants do not intend to use one single document from the 2,000 pages produced after the discovery cut-off date. The documents were produced because 1) defendants had an obligation to produce them, and 2) plaintiffs noted in their opposition to Kranyak's motion for summary judgment that because the documents had not been produced, they were not given a fair opportunity to oppose the motion. Defendants took that contention seriously because defendants wanted their motion for summary judgment determined on the merits.  Now, if plaintiffs do not see any value in the 2,000 pages of documents produced on May 3, 2013, then defendants do not object to their exclusion.

Second, there is no evidence that Kranyak intentionally or willfully failed to search the Murrieta computers. Rather, all evidence indicates that Kranyak simply did not ever think to search the computers until plaintiffs' counsel asked about it. Neither Larry Brooks nor Debra Leonardo were affiliated with L&M Racing when this litigation was instituted. Therefore, it was reasonable that Kranyak did not think to search their computers. And, when asked by plaintiffs' counsel, Kranyak candidly and immediately admitted that he had not thought to search Debra Leonardo's or Larry Brooks' computers. Kranyak has never attempted to hide or explain away the failure. This is not indicative of bad faith or a willful attempt to evade discovery.

To take it even one step further, defendants have incurred the expense of a data recovery expert to retrieve documents from Larry Brooks' and Sergio Avanto's computers. It is likely that hundreds of pages of documents will be produced from those computers. Again, thought, defendants are producing these documents because they are obligated to do so. Of the hundreds of documents that will be produced, defendants only wish to use 1 document – a budget for L&M Racing for 2011 prepared by Sergio Avanto. Again, this is not indicative of bad faith on defendants' part.

Defendants have now, albeit belatedly, complied with all of their discovery obligations, and have done so without any order from this court. Based on defendants' conduct, there is no evidence of bad faith or willfulness.

**2.** **There is Very Little Prejudice, if Any, to Plaintiffs.**

As stated above, defendants intend to use only 1 document from all documents produced after the discovery cut-off date. All other documents produced would be produced solely for plaintiffs' benefit.

Moreover, no additional formal discovery is required. The document in question is fairly unremarkable except that it has a question mark for funds to be paid to James Stewart. It has always been defendants' contention that once Stewart took over L&M Racing, Stewart would be in control of paying himself, as opposed to

simply receiving equal monthly installment payments, as had been the case before Stewart purchased the team.  Therefore, there is no "new" information here – simply another document that may tend to support defendants' contentions that have been made since this litigation was instituted.

Finally, if this court grants plaintiffs' motion for modification of the scheduling order to permit plaintiffs to amend their complaint to allege fraud, then this court should allow defendants to supplement their initial disclosures to include the budget prepared by Sergio Avanto to counter plaintiffs' new cause of action.

## C.   <u>THERE IS NO CORRELATION WHATSOEVER BETWEEN ANY DISCOVERY VIOLATION AND THE DEPOSITION OF SERGIO AVANTO.</u>

Plaintiffs also seek the exclusion of all deposition testimony of Sergio Avanto. The reason for this exclusion is unclear.

The only email used during Mr. Avanto's deposition that had not been initially disclosed or produced was an email dated June 9, 2011 relating to a change in staff salaries (marked as Exhibit 1051).  As shown above, that email was used at Stewart's deposition, which occurred prior to Mr. Avanto's deposition.

The June 9, 2011 email, however, was not generally discussed during Mr. Avanto's deposition. Defendants' counsel asked only 2 questions about the June 9, 2011 email: 1) whether L&M Racing was still under contract with Yamaha when the email was sent; and 2) whether a document entitled "Team San Manuel Employee Plan" (marked as Exhibit 1101 to Mr. Avanto's deposition, and previously produced by defendants) was attached to the June 9, 2011 email.   Mr. Avanto testified affirmatively to both. All other questions posed by defendants' counsel related to the Team San Manuel Employee Plan, which again, had been previously produced and identified.

There is no reason whatsoever to exclude Mr. Avanto's deposition testimony. Clearly, plaintiffs heard something from Mr. Avanto that they did not like, and are

looking for any reason to deny defendants a trial on the merits. There is no prejudice, surprise, or harm to plaintiffs from the use of the June 9, 2011 email at Mr. Avanto's deposition because Mr. Avanto offered virtually no testimony relating to the email. The June 9, 2011 email had been seen by plaintiffs prior to Mr. Avanto's deposition, and plaintiffs had the opportunity to ask Mr. Avanto about the exhibit if they chose to do so. Plaintiffs did not. Exclusion of Sergio Avanto's entire deposition testimony is unwarranted.

## D. THE MONETARY SANCTIONS SOUGHT BY PLAINTIFFS ARE OUTRAGEOUS.

Plaintiffs seek at least $31,120.00 in monetary sanctions. This amount appears to include attorneys' fees incurred for review of document productions, meet and confer efforts, and preparing this joint stipulation and a prior motion in limine.

When circumstances are viewed in their entirety, including the prompt admission of a discovery violation and voluntary acts to procure documents that should have been produced, an award of fees is unjust. See *In re Hitachi Television Optical Block Cases*, 2011 WL 3563781 * 17 (S.D. Cal.2011) (Where Hitachi admitted that documents had been deleted from computers, Hitachi voluntarily paid to restore the data, and Hitachi made a number of efforts to preserve, collect, and produce documents, an award of fees was found unjust).

Here, there is no question that defendants instructed their accountants and corporate attorneys to collect documents, that defendants searched all locations where hard copies are kept, and that defendants searched all computers used by Kranyak. What defendants missed were the computers of a few former staff members who were no longer affiliated with L&M Racing at the time this lawsuit was filed, and a few mechanics who used their computers for mechanical purposes, such as engine ratios and CAD drawings.

As soon as Kranyak was asked about the computers, Kranyak promptly admitted that he had not thought to search them, promptly searched the computers,

PRINTED ON
RECYCLED PAPER

and promptly hired a data recovery expert to attempt to retrieve documents from Mr. Brooks' and Mr. Avanto's computers.  In connection with the data recovery, and attorneys' fees incurred in searching the recovered data, Kranyak has incurred at least $6,000.00.  Defendants' conduct makes the imposition of monetary sanctions unjust.

Moreover, the time spent by plaintiffs in reviewing the documents previously produced by defendants is indicative of how unjust the imposition of monetary sanctions would be.  For instance, plaintiffs have incurred $4,000.00 in connection with their counsel's review of defendants' document production for purposes of determining whether the 4 emails identified above were produced.  That equates to approximately 10 to 14 hours of Mr. Avanzado's and/or Ms. Yu's time to review defendants' previous productions.  That shows exactly how many documents defendants produced. Under the totality of the circumstances, the imposition of monetary sanctions is unjust because defendants' conduct shows an absolute willingness and attempt to comply with defendants' discovery obligations.

Even if the court is inclined to impose monetary sanctions, the amount of sanctions sought by plaintiffs is entirely unreasonable.  Plaintiffs' counsel state that just in preparing this motion (and its prior iteration as a motion in limine), plaintiffs' counsel spent 44.5 hours.  Plaintiffs anticipate that they will spend another 26 hours preparing any supplement to and preparing for the hearing on this motion.  Plaintiffs have billed an entire week and-a-half for the preparation of this motion. These numbers are inherently unreasonable. Therefore, plaintiffs' request for monetary sanctions should either be denied outright, or at the very least, reduced to a number that is more reasonable.

## V.

## PLAINTIFFS' CONCLUSION

For all the foregoing reasons, therefore, Plaintiffs James Stewart Entertainment, LLC and James Stewart, Jr. respectfully requests that the Court grant

PRINTED ON
RECYCLED PAPER

1   this motion for evidence preclusion and monetary sanctions against Defendants L&M

2   Racing, LLC and Mike Kranyak.

## VI.

### DEFENDANTS' CONCLUSION

5       Defendants do not dispute that there have been some technical discovery

violations that defendants have since remedied.  But, defendants' failure to disclose

the 4 emails, and plaintiffs failure to timely search certain computers were not done in

bad faith, or in a willful manner.  Defendants' omissions were substantially justified

and resulted in no harm to plaintiffs.  Finally, based on the totality of the

circumstances and defendants' conduct that clearly shows an intent to comply with

discovery, monetary sanctions are also unwarranted.



DATED:  May 28, 2013            THE AVANZADO LAW FIRM

                               MELVIN N.A. AVANZADO
                               ELAINE W. YU


                               By:  /s/ Melvin N.A. Avanzado
                                    Melvin N.A. Avanzado
                               Attorneys for Plaintiffs
                               James Stewart Entertainment, LLC
                               and James Stewart, Jr.

DATED:  May 28, 2013           Alexander & Associates



                               By:  /s/ William L. Alexander
                                    William L. Alexander
                               Attorneys for Defendants
                               L&M Racing, LLC and Mike Kranyak