**THE AVANZADO LAW FIRM**

MELVIN N.A. AVANZADO (Bar No. 137127)
&lt;mel@avanzadolaw.com&gt;
ELAINE W. YU (Bar No. 280008)
&lt;elaine@avanzadolaw.com&gt;
1880 Century Park East
Suite 1404
Los Angeles, California 90067
310.552.9300 TELEPHONE
310.388.5330 FACSIMILE

Attorneys for Plaintiffs
James Stewart Entertainment, LLC
and James Stewart, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES STEWART ENTERTAINMENT, LLC, a Florida limited liability company, and JAMES STEWART, JR., an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>L&M RACING, LLC, a California limited liability corporation, and MIKE KRANYAK, an individual,<br><br>    Defendants.<br><br>L&M RACING, LLC, and MIKE KRANYAK,<br><br>    Counterclaimants,<br><br>    v.<br><br>JAMES STEWART ENTERTAINMENT, LLC, a Florida limited liability company, and JAMES STEWART, JR.,<br><br>    Counterdefendants. | CASE NO. EDCV 12-0049 JGB(SPx)<br><br>DECLARATION OF MELVIN N.A. AVANZADO IN SUPPORT OF PLAINTIFFS' MOTION FOR EVIDENCE PRECLUSION AND MONETARY SANCTIONS FOR DEFENDANTS' FAILURE TO COMPLY WITH DISCLOSURE AND DISCOVERY OBLIGATIONS UNDER RULES 26 AND 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>DATE:   June 18, 2013<br>TIME:   10:00 a.m.<br>PLACE:  Courtroom 3 or 4 – 3rd Floor<br>        (The Honorable Sheri Pym<br>        United States Magistrate Judge)<br><br>Action Filed: January 10, 2012<br>Trial Date:   June 25, 2013 |

PRINTED ON
RECYCLED PAPER

AVANZADO DECL. IN SUPP. OF PLAINTIFFS' MOTION FOR EVIDENCE PRECLUSION AND MONETARY SANCTIONS

## DECLARATION OF MELVIN N.A. AVANZADO

I, Melvin N.A. Avanzado, declare as follows:

1. I am an attorney-at-law licensed to practice before all courts of the State of California and a member of the bar of this Court. I am the principal of The Avanzado Law Firm, counsel of record for Plaintiffs James Stewart Entertainment, LLC ("JSE") and James Stewart, Jr. (collectively, "Plaintiffs") in the above-captioned action. I have personal knowledge of the facts contained in this declaration and, if called, could and would testify competently thereto under oath. I submit this declaration in support of the Joint Stipulation regarding Plaintiffs' Motion for Evidence Preclusion and Monetary Sanctions based on Defendants' failure to comply with their disclosure and discovery obligations under Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. Plaintiffs filed this action on January 10, 2012 (Docket No. 1). Defendants answered the complaint on May 3, 2012 (Docket No. 10) and their counterclaims were deemed filed by Court order (Docket No. 15) on May 21, 2012. Plaintiffs answered the counterclaims on June 6, 2012 (Docket No. 16). The parties agreed at the Court's scheduling conference to conduct an early mediation in the hopes of resolving their respective claims before they expended resources in this litigation. (*See* Docket No. 19 (July 2, 2012 Minute Order) & No. 23 (July 30, 2012 Minute Order).)

3. The parties also stipulated to stay discovery and all other proceedings in the case until after the parties' mediation. The parties informed the Court of this stipulation at the scheduling conference. Accordingly, from July through the completion of their mediation in October 2012, the parties stayed all discovery and proceedings in this case. The parties conducted their mediation in October but did not settle their dispute. (*See* Docket No., 25 (Joint Report on Parties' Mediation).)

/ / / /

/ / / /

4. As a result of the parties' stipulation staying discovery in the case until completion of the mediation, the parties did not exchange their initial disclosures or respond to any discovery until after the October 2012 mediation.

5. The parties exchanged Rule 26 initial disclosures on or about November 6, 2012. Plaintiffs first produced documents in connection with their initial disclosures on or about December 3, 2012. Defendants first produced documents in connection with their initial disclosures on or about January 23, 2013. Defendants' initial disclosure documents were not stamped with any identifying numbers. Accordingly, Plaintiffs' counsel placed identification numbers on these documents with the prefix "Def. Initial Disclosure."

6. JSE propounded its first set of requests for production of documents on or about July 30, 2012. JSE's document requests included document requests relating to Larry Brooks, including Mr. Brooks' membership/ownership interest in L&M, Mr. Brooks' business arrangements that bound Defendants and L&M's corporate books and records. Since responses to those requests were stayed by the parties' stipulation, Defendants served written responses to that discovery on or about November 13, 2012, after the parties' mediation. Defendants did not produce documents with their written responses.

7. Stewart propounded his first set of requests for production on or about October 17, 2012. Defendants served written responses to that discovery on or about November 13, 2012. Defendants did not produce documents with their written responses.

8. Plaintiffs scheduled Mr. Kranyak's deposition on February 14, 2013. Defendants first produced documents supposedly responsive to the Stewart and JSE requests for production by email the day before Mr. Kranyak's deposition, on February 13, 2013. Because of email transmission problems due to certain large files, Defendants' production of responsive documents was incomplete. Accordingly, Defendants produced by hand a compact disk containing their production of

2
AVANZADO DECL. IN SUPP. OF PLAINTIFFS' MOTION FOR EVIDENCE PRECLUSION AND MONETARY SANCTIONS

1  documents at Mr. Kranyak's deposition. The documents on the compact disk were
2  numbered L&M 000001-2016. These were the only documents contained in that
3  compact disk.

4      9.    On April 17, 2013, two days before the discovery cutoff in this
5  case, Plaintiffs conducted the second session of Mr. Kranyak's deposition. At that
6  deposition, Mr. Kranyak admitted that Defendants and their counsel failed to search
7  all files and electronically stored information within their possession, custody and
8  control. Specifically, Defendants failed to search files and computers at L&M's
9  principal place of business in Murrieta, California, including Mr. Brooks' computer.

10      10.    I have had multiple discussions with Defendants' counsel, William
11  Alexander, concerning their use of what we believed to be unproduced, undisclosed
12  documents at the deposition of my client, James Stewart, on April 15, 2013. During
13  Mr. Stewart's deposition, and two days later during Mr. Kranyak's second session of
14  his deposition, Mr. Alexander claimed that all documents he marked as exhibits and
15  on which he questioned Mr. Stewart were produced by Defendants to us in this case.
16  In fact, on the record during Mr. Stewart's deposition, the following exchange took
17  place: "Mr. Avanzado: Counsel, we've been looking at a bunch of these e-mails that
18  you're –you're making as exhibits. Are you sure you produced these to us? Mr.
19  Alexander: Every one." (Stewart Depo., 248:9-248:12.) The transcript of Mr.
20  Stewart's deposition was transcribed, and certified as an accurate transcription, by
21  court reporter Lisa Michaels. Plaintiffs received the electronic certified copy of Mr.
22  Stewart's deposition transcript on or about May 8, 2013. Attached as Exhibit "**A**"
23  hereto is a true and correct copy of relevant portions of Mr. Stewart's deposition
24  transcript and the reporter's certification thereof that are cited in Plaintiffs' motion.

25      11.    On April 18, 2013, the day before the discovery cutoff in this case,
26  Defendants' counsel (Ms. Estrada) confirmed by email that Defendants had used
27  documents during Mr. Stewart's April 15, 2013 deposition which Defendants had not
28  previously produced or disclosed to Plaintiffs and contradicting Mr. Alexander's

PRINTED ON
RECYCLED PAPER

statements to me that "every one" of the documents Defendants used were produced to us. The previously undisclosed documents Defendants with which they surprised Mr. Stewart at his April 15 deposition did not have identification numbers.

12. After receiving this April 18 email from Ms. Estrada, and after receiving the transcript and exhibits from Mr. Stewart's deposition, we compared the documents used as exhibits in Mr. Stewart's deposition, the documents produced by Defendants in their April 18 email and the documents Defendants had previously produced or disclosed to us. We determined that Exhibits 1017, 1022, 1032, 1045, 1046 and 1051 which were first identified at Mr. Stewart's April 15, 2013 deposition were not previously produced or disclosed to us. Attached as Exhibit "**B**" is a true and correct copy of Exhibits 1017, 1022, 1032, 1045, 1046 and 1051 which were first marked as exhibits in Mr. Stewart's April 15, 2013 deposition.

13. Ms. Estrada's April 18 email purported to produce to us all documents that Defendants used in Mr. Stewart's deposition that were not previously produced or disclosed. Defendants' counsel reproduced those documents with bates stamp identification numbers L&M 002017-24. Attached as Exhibit "**C**" hereto is a true and correct copy of the email (without attachments) from Ms. Estrada to us dated April 18, 2013.

14. On or about May 8, 2013, we reviewed the certified deposition transcript of Mr. Stewart. We identified Exhibit No. 1017 as a document which we thought Defendants had identified in their Rule 26 initial disclosures as "Document 41" described as "June 10, 2010 email regarding Addendum to Second Rider Agreement" and purported to be "From James Stewart" and "To Mike Kranyak." However, in lieu of the correct "Document 41," Defendants produced a different document that was dated June 10, 2010 that was from James Stewart to Mike Kranyak. Attached as Exhibit "**D**" hereto is a true and correct copy of our email correspondence with Ms. Estrada requesting "Document 41" and receiving a document that purported to be "Document 41."

15. On May 9, we notified Ms. Estrada that the document she sent to us as "Document 41" did not match the document used as Exhibit 1017 – which had never been produced to Plaintiffs. We wrote to Ms. Estrada to confirm that Exhibit 1017 was not "Document 41" on Defendants' initial disclosures and had never been produced or otherwise disclosed to us. Attached as Exhibit "**E**" hereto is a true and correct copy of our correspondence to Ms. Estrada.

16. On or about May 9, 2013, we received the certified deposition transcript of Sergio Avanto, whose deposition I attended on April 16, 2013 in Temecula, California. The transcript of Mr. Avanto's deposition was transcribed, and certified as an accurate transcription, by court reporter Terry A. Harmon. Upon review of Mr. Avanto's deposition transcript, we identified two exhibits, Exhibit Nos. 1022 and 1051, which were used at Mr. Avanto's deposition (and first marked as exhibits in Mr. Stewart's deposition) which were not produced to Plaintiffs.

17. On May 3, 2013, Defendants acknowledged that they finally conducted a search of L&M's Murrieta facility. Defendants also purported to produce documents "retrieved from the Murrieta computers" but did not specify from whose computers (other than Ms. Leonardo's) the documents were retrieved. One set of documents purports to be from the "Jared Bahm computer" and another batch of documents purports to be from "Murrietta laptop." Attached as Exhibit "**F**" hereto are true and correct copies of Ms. Estrada's May 3, 2013 emails (without attachments) producing documents purporting to be from computers located at L&M's Murrieta facility.

18. On May 6, 2013, Defendants attempted to produce by email transmission more documents from L&M's Murrieta facility – this time the remaining documents from Ms. Leonardo's computer. Due to the large size of the files, there was a problem with the email transmission of these documents. Defendants sent a compact disc with all of the documents they attempted to transmit on May 7, 2013. Plaintiffs received that compact disc on May 8, 2013. The documents contained on

this disk were identified by bates stamp numbers L&M 002025-3992. Attached hereto as Exhibit "**G**" is a true and correct copy of Ms. Estrada's May 6, 2013 email (without attachments) producing an incomplete set documents from L&M's Murrieta facility and advising that the complete set of documents will be sent on a compact disc to Plaintiffs by May 7, 2013.

19. Defendants' new production of documents from L&M's Murrieta facility (after the discovery cutoff) total approximately 1,968 pages. According to Ms. Estrada's declaration (Docket No. 82) submitted with Mr. Kranyak's reply in support of his summary judgment motion, these belatedly produced documents do not include any documents from Mr. Brooks' computer. Attached as Exhibit "**H**" hereto is a true and correct copy of Ms. Estrada's Declaration ISO Summary Judgment (Docket No. 82).

20. On April 17, 2013, Plaintiffs conducted the second session of Mr. Kranyak's deposition in our offices. I took that deposition as counsel for Plaintiffs. The transcript of Mr. Kranyak's deposition was transcribed, and certified as an accurate transcription, by court reporter Ruben Garcia. Plaintiffs received the electronic certified copy of Mr. Kranyak's deposition transcript on or about April 19, 2013, and the certified hard copy of Mr. Kranyak's deposition transcript on or about April 22, 2013. Attached as Exhibit "**I**" hereto is a true and correct copy of relevant portions of Mr. Kranyak's deposition transcript and the reporter's certification thereof that are cited in Plaintiffs' Motion.

21. On April 9, 2013, I attended the deposition of Larry Brooks in Riverside, California. The transcript of Mr. Brooks' deposition was transcribed, and certified as an accurate transcription, by court reporter Diana Austin. Attached as Exhibit "**J**" hereto is a true and correct copy of relevant portions of Mr. Brooks' deposition transcript and the reporter's certification thereof that are cited in Plaintiffs' Motion.

/ / / /

22. On May 15, 2013, Ms. Estrada sent an electronic mail message to Ms. Yu. In that email, Ms. Estrada informed us that Defendants were re-numbering a number of documents with "L&M" identification numbers. In addition, Ms. Estrada produced for the first time a document described in Defendants' list of trial exhibits but which they did not produce or otherwise disclose to us until that date. That document is a purported "Racer X Online" article and bates stamped L&M 004068-89. Attached as Exhibit "**K**" is a true and correct copy of Ms. Estrada's email to Ms. Yu (without attachments).

23. On May 17, 2013, Ms. Estrada sent an electronic mail message to me concerning Defendants' belated search of Mr. Brooks' computer. In that email, Ms. Estrada stated that Defendants had recovered various documents from Mr. Brooks' computer and that Defendants would be producing some of those documents to Plaintiffs some time the following week. Ms. Estrada's summary description of such documents on Mr. Brooks' computer confirms that at least some of those documents would have been responsive to Plaintiffs' discovery requests and/or otherwise relevant in this case. Attached as Exhibit "**L**" hereto is a true and correct copy of Ms. Estrada's May 17, 2013 email to me.

24. To summarize, the documents with which Defendants surprised Plaintiffs at Mr. Stewart's April 15, deposition are Exhibit Nos. 1017, 1022, 1032, 1045, 1046, and 1051 – and subsequently bates stamped by Defendants with identification numbers L&M 2017-24 and renumbered by Defendants as L&M 4090-98. The documents Defendants belatedly produced on May 8, 2013 were stamped with identification numbers L&M 2025-3992. In addition, Ms. Estrada produced on May 15, 2013 for the first time the document bates stamped L&M 004068-89. Thus, our motion seeks preclusion of all of these documents – essentially all documents with L&M identification numbers higher than 2016.

25. On May 14, 2013, this Court, the Honorable Jesus G. Bernal, issued an order (Docket No. 100) directing the parties to prepare discovery motions on

1  specific issues to be decided by Magistrate Judge Pym. Judge Bernal's order
2  referenced Plaintiffs' statements in the parties' other motions that Plaintiffs would file
3  separate motions concerning Defendants' disclosure and discovery violations and
4  specifically directed the parties to file a motion before Magistrate Judge Pym for any
5  "[p]roposed sanctions for the alleged discovery violations."

6      26.    Prior to the entry of Judge Bernal's May 14 order, we had been
7  preparing a motion in limine to seek evidence preclusion and monetary sanctions and
8  were set to file that motion later that day on May 14. Because of Judge Bernal's
9  order, we did not file that motion and have converted it to a "joint stipulation" as
10 required by Local Rule 37-1. The time set forth below concerning the time spent to
11 prepare our motion includes the time we spent preparing our motion in limine seeking
12 the same evidence preclusion and monetary sanctions sought in this motion.

13      27.    My associate, Elaine W. Yu, spent 10.0 hours to review documents
14 previously produced and belatedly produced by Defendants to determine and confirm
15 that (a) the exhibits Defendants used in Mr. Stewart's deposition – Exhibit Nos. 1017,
16 1022, 1032, 1045, 1046, and 1051 – were not previously produced or identified in
17 Defendants' initial disclosures and (b) the documents Defendants produced on May 8,
18 2013 were not previously produced or disclosed, including time to and draft and send
19 correspondence to Defendants regarding these documents. This time includes her
20 time to review and analyze the recent correspondence from Ms. Estrada to ensure that
21 all of the documents recently produced and re-numbered by Defendants are properly
22 included within the universe of documents which are subject to the preclusion order
23 sought in this Motion. I have spent 3.0 hours reviewing Ms. Yu's analysis of these
24 documents and discussing such matters with her, including reviewing and revising
25 draft correspondence to Defendants regarding their belated productions of documents
26 and surprise exhibits.

27      28.    Ms. Yu spent 19 hours researching and assisting me in drafting
28 Plaintiffs' motion for sanctions (including her work on the prior motion in limine).

PRINTED ON
RECYCLED PAPER

I spent 25.5 hours drafting and revising this motion and supporting documents (including my time preparing and finalizing the motion in limine seeking the same relief which we did not file because of Judge Bernal's June 14 order).

29. The time set forth above includes all of the time we have expended to prepare these papers up through the time we sent these papers to Defendants' counsel on May 20, 2013. We expect to expend more time to finalize the joint stipulation and coordinate the filing with Defendants' counsel. I expect Ms. Yu will expend 7 hours to assist me in coordinating the finalization and filing of this joint stipulation with Defendants' counsel and in preparing our supplemental brief to this motion and another 10 hours to assist me to prepare for and attend the hearing on this motion. I expect to expend another 4 hours on the coordination of the filing of this joint stipulation and preparation of the supplemental brief on this motion and 12 hours to prepare for and argue the hearing on this motion.

30. We bill Ms. Yu's time to our clients at $280 per hour and my time at $400 per hour. The total amount Plaintiffs expended to review and analyze documents which Defendants did not previously disclose or produce to us, and to prepare correspondence regarding those documents, was $4,000.00. The total amount Plaintiffs expended to prepare these papers to seek relief from Defendants' belated and untimely production of documents and violations of their discovery and disclosure obligations was $15,520.00 (not including time Plaintiffs expect to expend on preparation of supplemental papers and preparing for, and attending, the hearing on this motion). I expect that Plaintiffs will incur an additional $11,600.00 to finalize and coordinate the filing of this joint stipulation with Defendants' counsel, prepare the supplemental brief on this motion and to prepare for and argue the hearing on this motion. If this Court is inclined to grant Plaintiffs' motion for monetary sanctions, and if the Court permits, I can submit a supplemental or further declaration with the

/ / / /

/ / / /

1 | exact amounts Plaintiffs expended to finalize and file the joint stipulation, prepare the
2 | supplemental brief and prepare for and argue at the hearing on this motion.
3 |     I declare under penalty of perjury under the laws of the United States of
4 | America that the foregoing facts are true and correct.
5 |     Executed this 28th day of May, 2013 at Los Angeles, California.

        /s/Melvin N.A. Avanzado
        Melvin N.A. Avanzado

PRINTED ON RECYCLED PAPER

10
AVANZADO DECL. IN SUPP. OF PLAINTIFFS' MOTION FOR EVIDENCE PRECLUSION AND MONETARY SANCTIONS